UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HERNANDEZ,<br><br>        Petitioner,<br><br>  v.<br><br>WARDEN M. C. BITER,<br><br>        Respondent. | ) 1:12-cv—00125-SKO-HC<br>)<br>) ORDER TO PETITIONER TO SHOW CAUSE<br>) IN THIRTY (30) DAYS WHY THE<br>) PETITION SHOULD NOT BE DISMISSED<br>) FOR PETITIONER'S FAILURE TO<br>) EXHAUST STATE REMEDIES<br>) (Doc. 1)<br>)<br>)<br>)<br>) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's petition, which was filed in this Court on January 27, 2012.  In the petition, Petitioner challenges his 2006 conviction of murder in the Fresno County Superior Court. Petitioner raises numerous contentions concerning error and misconduct occurring in the course of the trial proceedings as well as the ineffective assistance of appellate counsel.

    I.   Screening the Petition

    Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).

2

1  The exhaustion doctrine is based on comity to the state court and
2  gives the state court the initial opportunity to correct the
3  state's alleged constitutional deprivations. <u>Coleman v.</u>
4  <u>Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509,
5  518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir.
6  1988).

7       A petitioner can satisfy the exhaustion requirement by
8  providing the highest state court with the necessary jurisdiction
9  a full and fair opportunity to consider each claim before
10 presenting it to the federal court, and demonstrating that no
11 state remedy remains available. <u>Picard v. Connor</u>, 404 U.S. 270,
12 275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir.
13 1996).  A federal court will find that the highest state court
14 was given a full and fair opportunity to hear a claim if the
15 petitioner has presented the highest state court with the claim's
16 factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365
17 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10
18 (1992), <u>superceded</u> <u>by</u> <u>statute</u> <u>as</u> <u>stated</u> <u>in</u> <u>Williams v. Taylor</u>,
19 529 U.S. 362 (2000) (factual basis).

20      Additionally, the petitioner must have specifically told the
21 state court that he was raising a federal constitutional claim.
22 <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669
23 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala</u>
24 <u>v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>,
25 133 F.3d 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United
26 States Supreme Court reiterated the rule as follows:
27      In <u>Picard v. Connor</u>, 404 U.S. 270, 275...(1971),
         we said that exhaustion of state remedies requires that
28       petitioners "fairly presen[t]" federal claims to the

3

>     state courts in order to give the State the
>     "'opportunity to pass upon and correct' alleged
>     violations of the prisoners' federal rights" (some
>     internal quotation marks omitted). If state courts are
>     to be given the opportunity to correct alleged violations
>     of prisoners' federal rights, they must surely be
>     alerted to the fact that the prisoners are asserting
>     claims under the United States Constitution. If a
>     habeas petitioner wishes to claim that an evidentiary
>     ruling at a state court trial denied him the due
>     process of law guaranteed by the Fourteenth Amendment,
>     he must say so, not only in federal court, but in state
>     court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

>     Our rule is that a state prisoner has not "fairly
>     presented" (and thus exhausted) his federal claims
>     in state court unless he specifically indicated to
>     that court that those claims were based on federal law.
>     See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
>     2000). Since the Supreme Court's decision in Duncan,
>     this court has held that the petitioner must make the
>     federal basis of the claim explicit either by citing
>     federal law or the decisions of federal courts, even
>     if the federal basis is "self-evident," Gatlin v. Madding,
>     189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
>     Harless, 459 U.S. 4, 7... (1982)), or the underlying
>     claim would be decided under state law on the same
>     considerations that would control resolution of the claim
>     on federal grounds, see, e.g., Hiivala v. Wood, 195
>     F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
>     88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
>     at 865.
>     ...
>     In Johnson, we explained that the petitioner must alert
>     the state court to the fact that the relevant claim is a
>     federal one without regard to how similar the state and
>     federal standards for reviewing the claim may be or how
>     obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

   Where none of a petitioner's claims has been presented to

4

the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. <u>Raspberry</u>, 448 F.3d at 1154.

Petitioner states that he raised the claims that he raises in the present petition in a petition filed in the California Supreme Court, but he did not furnish the result of that proceeding. (Pet. 3.) The Court takes judicial notice of the docket of <u>In re Richard D. Hernandez on Habeas Corpus</u>, case number S197992, which reflects that on November 10, 2011, Petitioner filed a petition in that action, and that the court received a supplemental petition on December 1, 2011.[1] However, neither the Petitioner's allegations nor the information on the court website reflects that the California Supreme Court has issued a ruling in Petitioner's case.

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his numerous claims to the California Supreme Court and received a ruling from that court on his claims. If Petitioner has not presented all of his claims to the California Supreme Court and has not received

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Daniels-Hall v. National Education Association</u>, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. <u>White v Martel</u>, 601 F.3d 882, 885 (9th Cir. 2010), <u>cert</u>. <u>denied</u>, 131 S.Ct. 332 (2010). The address of the official website of the California state courts is www.courts.ca.gov.

the court's ruling, this Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

Petitioner may, however, have presented his claims to the California Supreme Court and simply neglected to inform this Court.  Petitioner must inform the Court if his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  Without knowing what claims have been presented to the California Supreme Court and ruled upon, the Court is unable to proceed to the merits of the petition.

III. <u>Order to Show Cause</u>

Accordingly, Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court and have been ruled upon within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:     February 2, 2012**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

6